UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOROTHY MAE ROBINSON, | : | CIVIL NO. **4:09-CV-0157** |
| J.S.R. AND D.R., | : | |
|     Plaintiffs | : | (Judge Conner) |
|     v. | : | |
| | : | (Magistrate Judge Smyser) |
| UNITED STATES OF AMERICA, | : | |
| JOHN MCCANN, USA, | : | |
| TIMOTHY CROWLEY, DEA | : | |
|     Defendants | : | |

## REPORT AND RECOMMENDATION

The plaintiffs, Dorothy Mae Robinson and her two children, J.S.R. and D.R., filed a *Bivens* action on January 26, 2009 against the United States of America, John McCann, an Assistant United States Attorney for the Middle District of Pennsylvania, and Timothy Crowley, a Drug Enforcement Administration [DEA] agent.

The plaintiffs aver in the complaint that on October 2, 2007, the door to the plaintiffs' home was kicked in and that plaintiff Dorothy Mae Robinson was arrested at her home without a warrant. Plaintiff, J.S.R., the nine year old daughter of Dorothy Mae Robinson, was handcuffed behind her back, although she was in her own home and was not a suspect. Dorothy Mae Robinson had been indicted on September 27, 2007. Upon her October 2, 2007 arrest, she was taken before Magistrate Judge Mannion. As of the date of the complaint, she had not been shown an arrest warrant. She had

been held in pretrial detention from October 2, 2007.  She asserts
that her custody is false imprisonment.  She seeks a court order
of release on a bond.

It is alleged that on October 2, 2007, when plaintiff
J.S.R. was handcuffed, she was placed face down on the floor with
a knee in her back.

The complaint alleges that the plaintiffs have been
damaged by all that the government has done to them.

The plaintiffs on April 3, 2009 were granted leave to
proceed *in forma pauperis*.  (Doc. 8).  The defendants have not
filed an answer to the complaint.  The case was referred to this
magistrate judge on August 7, 2009.  (Doc. 19).  The defendants
filed a succession of motions (Doc. 14, June 12, 2009; Doc. 20,
August 14, 2009; Doc. 28, November 4, 2009; Doc. 35, January 4,
2010; Doc. 37, March 5, 2010; Doc. 40, May 4, 2010) to stay the
case or to extend the time in which the defendants could plead.
These motions were all granted by the court.  On July 7, 2010, the
defendants filed a motion (Doc. 44) to dismiss the complaint or
for summary judgment.

On July 13, 2010, a case management order (Doc. 47) was entered.

On July 16, 2010, the defendants filed a brief (Doc. 51) in support of the motion to dismiss or for summary judgment and a LR 56.1 statement of facts (Doc. 52). The plaintiffs filed an opposing brief (Doc. 53) on July 20, 2010.

This Report and Recommendation addresses the arguments made in the defendants' motion.

The defendants note at the outset that Dorothy Mae Robinson pleaded guilty on September 3, 2009 before Judge Vanaskie to distribution of cocaine base in a protected zone in violation of 21 U.S.C. §§ 841(a)(1) and 860(a) and was sentenced on June 24, 2010 to a term of imprisonment of 216 months.

The defendants argue that their motion should be granted because:

> (A) Plaintiffs' claim for equitable relief stated against the United States and Defendants in their official capacities lacks subject matter jurisdiction; (B) the only relief requested in the Complaint has been rendered moot by Robinson's conviction; (C) the relief requested is only proper in a habeas corpus claim; (D) Robinson's claims are barred by the favorable termination rule; (E) Robinson waived her right to sue Defendants in a *Bivens* action; (F) Defendants

3

> McCann and Crowley lack personal involvement in the claims asserted; (G) Defendant McCann cannot be held liable under *respondeat superior*; (H) Defendants are entitled to qualified immunity; and (I) AUSA McCann is entitled to prosecutorial immunity.

(Doc. 51).

The defendants' statement of material facts is as follows:

> 1. On September 27, 2007, a twenty-six (26) count criminal Indictment was filed against Robinson and thirteen others by AUSA McCann.
>
> 2. On October 2, 2007, Special Agent Crowley obtained a warrant to search the premises of 828 Memorial Avenue, Williamsport, Pennsylvania 17701.
>
> 3. The premises of 828 Memorial Avenue, Williamsport, was occupied by Dorothy Robinson and her family members, including her minor children.
>
> 4. During the course of the investigation, Special Agent Crowley obtained information that Dorothy Robinson engaged her family members, including her minor children at various times, in the trafficking and distribution of controlled substances.
>
> 5. During the course of the investigation, Special Agent Crowley obtained information that there were weapons in the premises of 828 Memorial Avenue.
>
> 6. In his experience in law enforcement and military service, Special Agent Crowley is aware that a threat can be posed by a child of nine years of age.
>
> 7. A child of nine years of age can utilize a weapon and compromise the safety of officers and members of the public.

4

8. In his training and experience, the service of a search warrant for narcotics and weapons poses an inherent danger to the safety of officers and precautions must be taken.

9. In his training and experience, the restraint of all persons who may pose a threat during the execution of a search warrant for narcotics and weapons is appropriate to ensure the safety of officers as well as those found in the premises.

10. Special Agent Crowley did not apply hand restraints (handcuffs) to any person during the entry and subsequent search of 828 Memorial Avenue on October 2, 2007.

11. Special Agent Crowley did not apply hand restraints to any minor child.

12. Special Agent Crowley did not place his knees on any person's back.

13. Special Agent Crowley did not place his knees on the back of any minor child.

14. On October 2, 2007, the entry team for the service of the search warrant knocked and announced the presence of police and the service of the search warrant.

15. Special Agent Crowley did not seize any vehicles from 828 Memorial Avenue on October 2, 2007.

16. As indicated by the search warrant return and inventory, the Pennsylvania State Police took custody of the vehicles because the vehicles were below the threshold for seizure by the DEA.

17. Special Agent Crowley signed as a witness to the seizure by the Pennsylvania State Police.

18. Assistant United States Attorney John J. McCann was not present for the service of the warrant for 828 Memorial Avenue on October 2, 2007.

19. On October 2, 2007, Special Agent Crowley arrested Dorothy Robinson pursuant to a Grand Jury Indictment issued September 27, 2007 and a valid arrest warrant.

20. On October 2, 2007, Special Agent Crowley was present in court before the Honorable Malachy E. Mannion, United States Magistrate Judge of the Middle District of Pennsylvania, for the arraignment of Dorothy Robinson pursuant to the valid arrest warrant previously obtained.

21. At the arraignment, Magistrate Judge Mannion ordered Dorothy Robinson to be detained.

22. On October 11, 2007, AUSA McCann filed a twenty-seven count first superceding indictment against Robinson and others.

23. On October 25, 2007, AUSA McCann filed a thirty count second superceding indictment against Robinson and others.

24. On August 14, 2008, AUSA McCann filed a thirty-four count third superceding indictment against Robinson and others.

25. On September 3, 2009, on the third day of her criminal trial, Robinson pled guilty to Count 21 of the Third Superseding Indictment (i.e., distribution of cocaine base known as crack within 1000 feet of public housing in violation of 21 U.S.C. § 841(a)(1) and 860(a)).

26. On two separate occasions, Robinson attempted to withdraw her plea of guilty.

27. The motions were denied on November 24, 2009 and June 2, 2010 after the Court conducted a status conference, briefing, oral argument, and a hearing on the merits.

28. In denying the second motion, the Court issued a lengthy opinion which also addressed the merits raised by Robinson.

29. In denying the second motion, the Court noted how, during the plea colloquy, it addressed the

6

issue of Robinson's dissatisfaction with counsel and how her Plea Agreement included a waiver of her appellate and section 2255 rights.

30. In denying the second motion, the Court noted how, during the plea colloquy, Robinson acknowledged that she understood that she had the right to continue with the trial to final judgment without pleading guilty, that she reviewed the Plea Agreement with her counsel before signing it, and that she satisfactorily understood the terms and conditions contained in the Plea Agreement.

31. In denying the second motion, the Court also noted how, during the plea colloquy, Robinson agreed that the government's recitation of the evidence was accurate and that the government could prove beyond a reasonable doubt that she participated in the distribution of crack cocaine.

32. In denying the second motion, the Court further noted how, during the plea colloquy, Robinson affirmed that her decision to plead guilty was voluntary and made with an understanding that she would receive an eighteen year prison sentence if the Court were to accept the agreement.

33. On June 24, 2010, Robinson was sentenced to a 216 month term of imprisonment.

34. Under the terms of Robinson's plea agreement, which remains valid, Robinson agreed:

> [N]ot to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to the defendant, arising out of the investigation, prosecution or cooperation covered by this agreement, including but not limited to any claims for attorneys fees and other litigation expenses arising out of the investigation and prosecution of this matter. By the defendant's guilty plea in this matter the defendant further acknowledge[d] that the government's

7

>               position in this litigation was taken in
>               good faith, had a substantial basis in
>               law and fact and was not vexatious.

(Doc. 52, internal citations omitted).

The defendants have presented several meritorious arguments for why the plaintiff's request for relief in the form of an order requiring the defendants to release plaintiff Dorothy Mae Robinson on a bond should be denied. Although when she made the request she was a pretrial detainee, she is now a federally convicted and sentenced prisoner who must seek relief from confinement in a form of action other than a *Bivens* civil action.[1] This civil action should be dismissed insofar as it seeks an order of release of Dorothy Mae Robinson from confinement.

However, the plaintiffs may not at present be held to a construction of their civil action as limited to a demand for an order releasing plaintiff Dorothy Mae Robinson from prison.

---

[1] In *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), the Court held that when a prisoner "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."

8

The plaintiffs have filed only the initial complaint. They have not ever amended that complaint. The defendants' characterizations of the complaint as seeking only a limited form of relief - the pretrial release of plaintiff Dorothy Mae Robinson - may be correct if the complaint is very strictly construed. But the allegations in the three plaintiffs' complaint appear to go beyond the scope of allegations that would relate to grounds for release of the one plaintiff. The other two plaintiffs appear to be seeking relief. Also, it seems to be unreasonable to construe the complaint to request only a form of relief, release from confinement, that is not available in a *Bivens* civil action. The plaintiffs should be given an opportunity to file an amended complaint. *Grayson v. Mayview State Hospital,* 293 F.3d 103, 106 (3d Cir. 2002).

The defendants also present arguments that go beyond the position that the plaintiffs' demands for an order releasing the plaintiff Dorothy Mae Robinson from pretrial confinement should be dismissed. They argue that the plaintiffs' claims of an unlawful search and of unlawful seizures on October 2, 2007 at the plaintiffs' home are claims that would if held to be meritorious necessarily impact the validity of plaintiff Dorothy Mae Robinson's conviction and the length of or the fact of her sentence and that, accordingly, the claims are not appropriately

9

brought in a Section 1983 complaint.  *See Heck v. Humphrey,* 512 U.S. 477 (1994).

The merits of this argument in this case are not obvious. First, two of the three plaintiffs have not been convicted.  As to them, an argument based upon *Heck* is inapposite.  Second, as to plaintiff Dorothy Mae Robinson, who had already been indicted on October 2, 2007, a finding that her Fourth Amendment rights were violated on October 2, 2007 would not necessarily invalidate her conviction.  The record does not show that evidence seized on October 2, 2007 was used against her.  Her indictment was superseded, perhaps based upon evidence seized on October 2, 2007. The defendants' brief and statement of material facts do not assert that evidence seized on October 2, 2007 was used against her.  We do not have a factual basis presented upon which to ground a determination that a successful outcome in this case for the plaintiffs would inherently involve findings that would implicitly invalidate Dorothy Mae Robinson's conviction.[2]

The defendants argue that the complaint should be dismissed as to plaintiff Dorothy Mae Robinson because in her plea

---

[2] The docket in *United States v. Robinson,* M.D. Pa. Criminal No. 4:CR-07-0389, Plea, Doc. 940, indicates that the guilty plea of Dorothy Robinson was to an offense that had occurred on August 1, 2007.

10

agreement she waived her right to "pursue or to initiate any civil claims or suits against the United States of America, its agencies or employees, . . . arising out of the investigation, prosecution or cooperation covered by this agreement." (Defendants' Statement of Material Facts, ¶ 34). The defendants note that the plea agreement was filed on September 3, 2009, after the plaintiffs had initiated this civil action.[3] The plea agreement did not refer to this civil action in particular.

The plea agreement states not only that plaintiff Dorothy Mae Robinson will not initiate a civil action but also that she will not pursue a civil action. The use of "pursue" is reasonably construed to extend her agreement to the then already pending present civil action, even though this particular civil action might well have been specifically mentioned in the plea agreement and, if so specifically mentioned, would more certainly be seen as covered by the agreement.

Accordingly, this civil action should be dismissed as to the claims of plaintiff Dorothy Mae Robinson. However, as to plaintiffs, J.S.R. and D.R., who are not said to have signed a

---

[3] But, in a footnote (Doc. 51, p. 16, FN 3), they assert "Robinson's <u>initiation</u> of the instant civil rights action is another attempt to subvert the judicial process." [Emphasis added].

waiver of their rights to pursue a civil action, the complaint should not be dismissed on the basis of the plea agreement language.

Defendants McCann and Crowley argue that the complaint should be dismissed as to them because it does not allege facts that demonstrate that they were personally involved in conduct that violated the federally protected rights of plaintiff J.S.R. or plaintiff D.R.

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) challenges the legal sufficiency of the plaintiff's complaint. In deciding a motion to dismiss the complaint, we must accept all well-pleaded factual allegations as true, "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *McTernan v. City of York,* 564 F.3d 636, 646 (3d Cir. 2009)(quoting *Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3d Cir. 2008)).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). The statement required by Rule 8(a)(2)

need only give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, more is required than labels, conclusions and a formulaic recitation of the elements of a cause of action. *Id.* "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to "show" such an entitlement with its facts." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft, supra,* 129 S.Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft, supra,* 129 S.Ct. at 1949 (quoting *Twombly*, *supra,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,'

13

but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Some claims will demand relatively more factual detail to satisfy this standard, while others require less." *In re Insurance Brokerage Antitrust Litigation,* 618 F.3d 300, 320 (3d Cir. Aug. 16, 2010).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

"Liability may not be imposed under § 1983 on the principle of *respondeat superior*." *Hetzel v. Swartz*, 909 F.Supp. 261, 264 (M.D. Pa. 1995). This tenet is equally true in a *Bivens* action. Liability in a civil rights action against a government official may be based only upon a defendant's personal involvement in conduct amounting to a constitutional violation. *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976). The complaint must contain averments of the involvement of the defendants in conduct which caused a violation of the plaintiff's constitutional rights. *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988). A civil rights action against a government official requires allegations that the defendant actually

14

participated in or had actual knowledge of and acquiesced in the events forming the basis of the claims. *Egan v. Concini,* 585 F. Supp. 801, 804 (M.D. Pa. 1984).

"Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1948 (2009).

The complaint does not allege facts that if accepted as true could reasonably support an inference that either defendant McCann or defendant Crowley was personally involved in the conduct that violated the federally protected rights of the plaintiffs.

It is recommended that this civil action be dismissed as to the claim of plaintiff Dorothy Mae Robinson seeking release from confinement. It is recommended that the civil action be dismissed as to all claims of plaintiff Dorothy Mae Robinson based upon her plea agreement promise not to bring any civil actions. It is recommended that the motion of defendants McCann and Crowley to dismiss the plaintiffs' complaint on the basis of a lack of personal involvement of these named defendants be granted, but

15

that the two minor plaintiffs be permitted to file an amended complaint.

It is recommended that the complaint be dismissed against the United States of America on the basis of sovereign immunity, in that the United States of America has not waived the immunity of the United States of America from suit in cases seeking compensation for the torts of governmental actors except for the waiver under the Federal Tort Claims Act. This case is not brought under the Federal Tort Claims Act.

It is recommended that the defendants' motion for summary judgment be denied for the reason that the motion for summary judgment is premature because the plaintiffs have a right to amend their complaint and because their amended complaint may show a factual basis for their complaint that the defendants have not addressed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: November 9, 2010.